CT Corporation

**Service of Process Transmittal**
08/18/2016
CT Log Number 529700896

TO:    Brenda Brieser-Hands
       YourMembership Holding Company
       9620 Executive Center Dr N Ste 200
       Saint Petersburg, FL 33702-2441

RE:    **Process Served in Florida**

FOR:   YourMembership.com., Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | REINA McCUSKEY, Pltf. vs. YourMembership.com., Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | CUYAHOGA COUNTY COURT OF COMMON PLEAS, OH<br>Case # CV16867622 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Courier on 08/18/2016 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | DANIEL P PETROV<br>THORMAN PETROV GROUP Co., LPA<br>3100 TERMINAL TOWER<br>50 PUBLIC SQUARE<br>Cleveland, OH 44113-0000<br>216-621-3500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783865509771 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ORIGIN ID:BKLA    (216) 443-7950
CCOC

1200 ONTARIO

CLEVELAND, OH 44113
UNITED STATES US

SHIP DATE: 16AUG16
ACTWGT: 1.00 LB
CAD: 106501655/WSXI2900

BILL SENDER

TO  YOURMEMBERSHIP.COM, INC.

C/O STATUTORY AGENT CT CORPORATION

1200 SOUTH PINE ISLAND ROAD

PLANTATION FL 33324

(216) 443-7950          REF: CV16867622
INV: 29945186
PO:                              DEPT:

 

FedEx
Express

TRK# 7838 3656 6852
0201

FRI  -  19 AUG 4:30P
EXPRESS  SAVER
DSR
33324

SH ZFTA                        FL-US    FLL



SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV16867622 | D1 FX | SUMMONS NO.<br>29945186 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

REINA MCCUSKEY
VS
YOURMEMBERSHIP.COM, INC.

**PLAINTIFF**

**DEFENDANT**

**SUMMONS**

YOURMEMBERSHIP.COM, INC.
C/O STATUTORY AGENT CT CORPORATION
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Plaintiff's Attorney

DANIEL P PETROV
3100 TERMINAL TOWER

50 PUBLIC SQUARE
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MICHAEL ASTRAB
Do not contact judge. Judge's name is given for attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE<br>Aug 16, 2016 |
| --- |

By_____
Deputy

COMPLAINT FILED    08/15/2016

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
August 15, 2016 13:40

By: DANIEL P. PETROV 0074151

Confirmation Nbr. 829330

REINA MCCUSKEY

vs.

YOURMEMBERSHIP.COM, INC.

CV 16 867622

Judge:

MICHAEL ASTRAB

Pages Filed: 6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| REINA McCUSKEY | ) | CASE NO. |
| 53 May Court | ) | |
| Chagrin Falls, OH 44022, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOURMEMBERSHIP.COM, INC., | ) | COMPLAINT |
| c/o its statutory agent, | ) | |
| CT Corporation System | ) | Plaintiff demands a trial by jury on all issues |
| 1200 South Pine Island Rd., | ) | triable of right by a jury, pursuant to Ohio |
| Plantation, FL 33324 | ) | R. Civ. P. 38 |
| | ) | |
| Defendant. | ) | |

1.     Plaintiff Reina McCuskey ("McCuskey") is an Ohio citizen.

2.     McCuskey is a "person" and an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et seq. ("ADEA").

3.     Defendant YourMembership.com, Inc. ("Defendant") is a foreign corporation conducting business in the State of Ohio.

4.     Defendant is a "person," "individual," and "employer," within the meaning of Title VII and the ADEA.

5.     The injuries and conduct that gave rise to these claims occurred in Cuyahoga County, Ohio.

6.     McCuskey timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and received a Notice of Right to Sue.

7.     All jurisdictional prerequisites have been met. Jurisdiction and venue are proper.

## FACTS APPLICABLE TO ALL CLAIMS

8.  At all times relevant hereto, McCuskey was over the age of forty (40).

9.  McCuskey was born on April 15, 1962.

10. At all times relevant hereto, Defendant knew McCuskey's age.

11. McCuskey is female.

12. At all times relevant hereto, Defendant knew McCuskey is female.

13. McCuskey is Hispanic.

14. At all times relevant hereto, Defendant knew McCuskey is Hispanic.

15. Defendant hired McCuskey in or about 2013.

16. McCuskey was qualified for the positions in which she was employed, for which she applied, for which she was considered or which she otherwise sought.

17. McCuskey at all times successfully performed the duties and responsibilities of her positions.

18. On or around September 30, 2015, Defendant terminated McCuskey's employment.

19. Defendant did not terminate McCuskey for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

20. Around the time of the termination of McCuskey's employment and thereafter, Defendant had open positions for which McCuskey was qualified, eligible and/or applied.

21. Following her termination, McCuskey applied for multiple position openings with Defendant.

22. Defendant refused to reinstate, rehire, transfer or reassign McCuskey to available positions for which she was qualified, including positions for which McCuskey was qualified, eligible and/or applied.

2

## FIRST CAUSE OF ACTION
### (Age Discrimination in Violation of the ADEA)

23.    McCuskey incorporates by reference the foregoing as if fully re-alleged herein.

24.    Defendant unlawfully discriminated against McCuskey because of her age with respect to the terms and conditions of her employment, including by unfairly and discriminatorily scrutinizing and evaluating her work, imposing discriminatory standards, pay, duties and responsibilities, denying her equal privileges and opportunities of employment, interfering with business relationships and opportunities, terminating her employment, and refusing to, rehire or reinstate her to her former position or consider her for open positions for which she was qualified (including positions for which she applied), in violation of the ADEA.

25.    Upon information and belief, Defendants have a pattern and practice of discriminating against older workers, including by terminating older workers, replacing older workers with substantially younger workers, and hiring, retaining, transferring and promoting substantially younger individuals into positions for which older workers are qualified.

26.    Defendant hired, retained, transferred and promoted substantially younger individuals into McCuskey's position (including assigning substantially younger individuals her duties and responsibilities), and into open positions for which she was qualified (including positions for which she applied).

27.    As a direct and proximate result of Defendant's unlawful conduct, McCuskey suffered and will continue to suffer economic and non-economic damages, including, but not limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss of salary, benefits and other privileges and conditions of employment.

28.    Defendant's discriminatory and retaliatory actions against McCuskey in violation of the ADEA were willful, reckless, and/or malicious, and render Defendant liable for past and

3

future economic and non-economic compensatory and liquidated damages, as well as attorneys'
fees, costs, and any equitable relief that this Court deems appropriate.

## SECOND AND THIRD CAUSES OF ACTION
### (Gender and Race Discrimination in Violation of Title VII)

29.     McCuskey incorporates by reference the foregoing as if fully re-alleged herein.

30.     Defendant unlawfully discriminated against McCuskey because of her gender and
her race with respect to the terms and conditions of her employment, including by unfairly and
discriminatorily scrutinizing and evaluating her work, imposing discriminatory standards, pay,
duties and responsibilities, denying her equal privileges and opportunities of employment,
interfering with business relationships and opportunities, terminating her employment, and
refusing to, rehire or reinstate her to her former position or consider her for open positions for
which she was qualified (including positions for which she applied), in violation of Title VII.

31.     Upon information and belief, Defendants have a pattern and practice of
discriminating against women and employees of minority races, including by terminating women
and minority workers, replacing women and minority workers with men and non-minority
workers, and hiring, retaining, transferring and promoting men and non-minority individuals into
positions discriminatorily.

32.     Defendant hired, retained, transferred and promoted Caucasian and non-minority
men into McCuskey's position (including assigning these individuals her duties and
responsibilities), and into open positions for which she was qualified (including positions for
which she applied).

33.     As a direct and proximate result of Defendant's unlawful conduct, McCuskey
suffered and will continue to suffer economic and non-economic damages, including, but not
limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss
of salary, benefits and other privileges and conditions of employment.

4

34. Defendant's discriminatory and retaliatory actions against McCuskey in violation of Title VII were willful, reckless, and/or malicious, and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, and any equitable relief that this Court deems appropriate.

### FOURTH CAUSE OF ACTION
**(Retaliation in Violation of Title VII)**

35. McCuskey incorporates by reference the foregoing as if fully re-alleged herein.

36. McCuskey engaged in protected activity within the meaning of Title VII by complaining about unlawful discrimination.

37. Defendant was aware of McCuskey's protected activity and complaints of discrimination and failed to investigate properly the same or to remedy the discriminatory conduct.

38. Defendant was aware of McCuskey's complaints of discrimination and retaliated, discriminated, and took adverse employment actions against McCuskey on account of her complaints.

39. Defendant unlawfully retaliated against McCuskey because of her complaints of discrimination with respect to the terms and conditions of her employment, including by unfairly and discriminatorily scrutinizing and evaluating her work, imposing discriminatory standards, denying her equal privileges and opportunities of employment, interfering with business relationships and opportunities, terminating her employment, and refusing to, rehire or reinstate her to her former position or consider her for open positions for which she was qualified (including positions for which she applied), in violation of Title VII.

40. As a direct and proximate result of Defendant's unlawful conduct, McCuskey suffered and will continue to suffer economic and non-economic damages, including, but not

5

limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss of salary, benefits and other privileges and conditions of employment.

41. Defendant's discriminatory and retaliatory actions against McCuskey in violation of Title VII were willful, reckless, and/or malicious, and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, and any equitable relief that this Court deems appropriate.

**CONCLUSION**

Plaintiff Reina McCuskey seeks an amount in excess of $25,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorneys' fees, costs and expenses, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, past and future losses, reinstatement and promotion.

Respectfully submitted,

*/s/Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
ELIZABETH A. RADER (0038756)
brader@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Tel. (216) 621–3500
Fax (216) 621–3422

*Counsel for Plaintiff Reina McCuskey*

6